IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALFRED Z. JOHNSON,                      *
      Petitioner
                                              *

v.                                          CIVIL ACTION NO. WMN-15-3109
                                             *

LORETTA LYNCH, et al.,
      Respondents                  *
                                       ******

**<u>MEMORANDUM</u>**

On October 13, 2015, this Petition for Writ of Habeas Corpus was received for filing. Petitioner seeks to compel the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") to release him from its custody pending his removal. Petitioner, subject to a final order of removal, did not contest his deportation. ECF 1.

Petitioner is a native and citizen of Liberia who was admitted to the United States as a legal permanent resident on or about October 11, 1991. ECF 1, p. 3. In 2007 he was convicted of second degree burglary, for which he received a sentence of incarceration. ECF 3-1. On February 6, 2008, ICE notified Petitioner of removal proceedings initiated against him. *Id.*, ¶ 6. Petitioner was charged with removability based on his felony convictions and ICE took custody of Petitioner at that time. *Id.*

On March 9, 2009, the Immigration Judge ordered Petitioner removed from the United States to Liberia. *Id.* Petitioner's appeal to the Board of Immigration Appeal (BIA) was dismissed on June 19, 2009. *Id.* After ICE was unable to effectuate Petitioner's return to Liberia he was released from ICE custody on an Order of Supervision on October 1, 2009. *Id.*

Petitioner was taken back into ICE custody on February 23, 2015, after violating the

terms of his release, based upon new criminal arrests and convictions for burglary. *Id.*, ¶ 7. A new travel document request packet was submitted to the Embassy of Liberia on March 4, 2015. *Id.* Thereafter, the Embassy issued Petitioner's Travel Certificate/ Laissez Passer (id., ¶¶ 7-10) and Petitioner was removed from the United States on December 8, 2015. ECF 4-2, p. 3.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477). In light of Petitioner's removal, his habeas challenge to his post-order detention under *Zadvydas v. Davis*, 505 U.S. 277 (2001), has been rendered moot.

A separate Order shall be entered dismissing this Petition without oral hearing.

| November 3, 2016 | /s/ |
|---|---|
| Date | William M. Nickerson |
| | Senior United States District Judge |